IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| FREDDIE FOUNTAIN | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:14cv268 |
| BRAD LIVINGSTON | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ADMINISTRATIVELY CLOSING LAWSUIT

The Plaintiff Freddie Fountain, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is TDCJ Executive Director Brad Livingston.

Fountain complains of exposure to excessive heat during his confinement in the Texas penitentiary. There are six cases currently pending in the Southern District of Texas concerning this same issue. Discovery has been stayed in the Southern District pending a ruling by the Fifth Circuit Court of Appeals on the motion to dismiss filed by the TDCJ Executive Defendants.

After review of the pleadings and circumstances, the magistrate judge issued a report recommending that Fountain's case be stayed through administrative closing pending the outcome of the pending cases. *See* Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166 (1936); Superior Savings Association v. Bank of Dallas, 705 F.Supp. 326, 329 (N.D.Tex. 1989).

Fountain filed objections to the report stating that while he did not object to the case being stayed, he wished to raise two other points. He asked again for appointment of counsel and questioned whether he would be allowed to appeal a denial of counsel while the case is stayed. The Court has reviewed the record and concurs with the magistrate judge that Fountain has not shown

appointment of counsel is necessary at the present time. *See* Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Should Fountain wish to appeal this determination, he may do so, even while the case is stayed.

Fountain also questions the impact of a stay on the statute of limitations. All claims in this lawsuit which were within the statute of limitations when the case was filed were timely, and the stay of the case does not affect that. The limitations period for all claims not part of this lawsuit is not affected in any way by the pendency of the lawsuit or by the stay.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that to the extent the Plaintiff objected to the report of the magistrate judge, such objections are overruled and the report of the magistrate judge (docket no. 144) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is hereby closed for administrative and statistical purposes. The case may be reopened at such time as one or more of the lawsuits currently pending in the Southern District of Texas concerning this same issue become final through the conclusion of direct appeal. The administrative closing of this case shall not affect the substantive rights of any party thereto. It is further

**ORDERED** that while the case is administratively closed, no motions or other documents may be filed other than: a notice of appeal of the closure; a notice of appeal of the denial of counsel; an application for leave to proceed *in forma pauperis* in relation to an appeal; a motion for voluntary dismissal; a notice of change of address; or a motion to reopen this case upon the resolution of one or more of the pending cases in the Southern District of Texas. Finally, it is

**ORDERED** that any and all motions which may be pending in this cause are hereby **DENIED** without prejudice to their refiling at such time as the case is reopened.

**SIGNED this 4th day of September, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE