IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| FREDDIE FOUNTAIN | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:14cv268 |
| BRAD LIVINGSTON | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Freddie Fountain, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is former TDCJ Executive Director Brad Livingston.

**I. The Plaintiff's Complaint**

Fountain asserts that it is the practice and policy of Livingston, as Executive Director, to subject prisoners including himself to "constant and/ or substantial extremely high, cruel, dangerous, injurious, and deadly indoor summertime temperatures in high numbers of prisoners throughout the State of Texas." Fountain acknowledges that remedial measures are supposed to be taken, but claims these measures are entirely or to a great extent insufficient and widely ineffective in accomplishing the goal of protecting prisoners from the cruelties and dangers of the high indoor summer temperatures.

Fountain goes on to assert that Livingston has sufficient, substantial, and long-term knowledge of the actual heat-related conditions, dangers, injuries, and deaths, as well as the

1

insufficiency of the remedial measures. Nonetheless, Fountain asserts nothing has been done to protect the prisoners.

Fountain argues that the remedial measures, including ice water, showers, and fans, are not provided in the manner in which they are claimed to be and are not adequate to alleviate the situation. He provides a list of inmates whom he says have died because of the heat and states that he himself has suffered a number of serious injuries as a result of exposure to the excessive temperatures. For relief, Fountain requests monetary damages and an order that the defendant provide the prisoners with safe and humane indoor temperatures by any means necessary.

## II. The Magistrate Judge's Report

The Magistrate Judge issued a Report recommending Fountain's lawsuit be dismissed as duplicative. The Magistrate Judge observed that Fountain also has another lawsuit pending, styled *Fountain v. Rupert, et al.*, civil action no. 6:15cv100. This lawsuit raises over a dozen claims concerning Fountain's conditions of confinement, of which one asserts that Fountain has been subjected to "extremely high, dangerous, cruel, and harmful inner cell temperatures through the entire summers of 2011, 2012, 2013, 2014, 2015, and 2016." He asserts that TDCJ officials maliciously refused even to attempt to protect him from these temperatures by failing to provide cool-down showers, cool fluids such as meal drinks and ice water, or air conditioning. Fountain states that these high indoor temperatures cause serious harm and death to Texas prisoners every year and that he has suffered serious injury, including a near-fatal heat stroke in 2014 and an instance of organ failure in 2015.

The Magistrate Judge stated that courts should ensure a plaintiff "obtains one bite at the litigation apple - but not more," citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Under this principle, the Magistrate Judge stated that a district court is justified in dismissing an *in forma pauperis* complaint which is duplicative of pending litigation then being pursued by the same plaintiff.

While the district court normally should dismiss the later-filed action in favor of the lawsuit filed earlier, the Magistrate Judge observed that cause no. 6:14cv268 comprises only one claim, that of exposure to excessive heat, while cause no. 6:15cv100 includes a number of claims, including but not limited to exposure to excessive heat. The Magistrate Judge determined that the interests of judicial economy favor allowing Fountain to go forward with all of his claims in one lawsuit, cause no. 6:15cv100.

**III. Fountain's Objections to the Report**

In his objections, Fountain argues as follows:

A review of the two actions would reveal that, although the subjection to in-prison heat [sic] and lack of remedial measures is a baseline background element in each case, the actual injuries sustained as a result which are separate and unique are foremost issue only in 6:15cv100, whereas the backdrop condition and a single separate injury are issue [sic] in this case. Which makes the two cases measurably different.

Fountain states that the claims in cause no. 6:14cv268 involve the overall state-wide condition of heat exposure as well as injuries which he sustained on August 14, 2013, while the claims in 6:15cv100 involve such heat related injures as a heat stroke in 2014 and heat exhaustion combined with organ failure in 2015. He asserts he did not act in bad faith by bringing multiple lawsuits.

Fountain complains that the current amended complaint in cause no. 6:15cv100 does not allege the August 2013 injuries nor does it seek the injunctive relief of air conditioning, but he does not believe the court will allow him to amend the complaint in cause no. 6:15cv100 yet again.[1] He states that although Livingston and Collier, the TDCJ past and present executive directors, are parties in cause no. 6:15cv100, there are no heat-related claims against them in that case.

Next, Fountain argues that *Pittman* is inapplicable because that case concerns *res judicata*, which is inapplicable because it requires a judgment on the merits. He asserts that he suffers from

---

[1]The relief sought in cause no. 6:15cv100 includes a request for an order to "provide proper/humane shower water temperatures and indoor air temperatures not to exceed or fall below ranges set by the Court."

"a wide range of conditions" precluding his ability to prosecute his lawsuits on his own, including confinement in administrative segregation, the denial of a desk upon which to write, forcing him to use the floor, lack of access to a copy machine, no means of obtaining vital reports, lack of ability to confer with witnesses, confiscation of outgoing pleadings, lack of legal knowledge, and physical symptoms including thyroid problems, all of which show that counsel should be appointed on his behalf.

**III. Discussion**

Although Fountain contends that his claim in cause no. 6:15cv100 does not include his allegation of exposure to excessive heat in August of 2013, the operative complaint in cause no. 6:15cv100 asserts that Fountain was subjected to "extremely high, dangerous, cruel and harmful inner cell temperatures throughout the entire summers of 2011, 2012, 2013, 2014, 2015, and 2016."

Although Fountain complains of the conditions of confinement precluding his ability to litigate, his complaint in cause no. 6:15cv100 concerns some of these same conditions of confinement, further indicating that the interests of judicial economy would be served by allowing Fountain to litigate all of his claims in one case. He offers no valid basis why he could not have brought all of his heat-related claims in one lawsuit, nor why he should be permitted to bring a claim of excessive heat against the unit wardens in one case and essentially the same claim of excessive heat against the Director of TDCJ in a separate case. The Magistrate Judge correctly concluded that Fountain should be allowed one bite at the apple but no more. The Fifth Circuit has explained that *in forma pauperis* proceedings which merely repeat pending or litigated claims may be considered abusive and dismissed under authority of 28 U.S.C. 1915(d). *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

The present lawsuit involves only Fountain's claim of exposure to excessive heat. Cause no. 6:15cv100 is a broad challenge to the conditions of confinement in TDCJ, including claims of exposure to excessive heat and cold as well as allegations of filthy living conditions, deprivations of showers and clean clothes, denial of adequate sleep, denial of proper medical care, denial of

4

adequate food, exposure to insect and vermin infestation, falsification of prison records, denial of adequate correspondence privileges with his family, and infliction of psychological harm resulting in self-inflicted injuries. Fountain may pursue all of his claims against TDCJ in this lawsuit and the interests of judicial economy are served by allowing him to litigate his claims in one case. Fountain's objections are without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 171) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as duplicative, but without prejudice to Fountain's right to pursue all of his claims, including his claim of exposure to excessive heat, in cause no. 6:15cv100. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So ORDERED and SIGNED this 16th day of April, 2017.**

Ron Clark, United States District Judge

5