IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FREDDIE FOUNTAIN | § | |
| v. | § | CIVIL ACTION NO. 6:14cv268 |
| BRAD LIVINGSTON | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND DENYING MOTION FOR RELIEF FROM JUDGMENT</u>

The Plaintiff Freddie Fountain, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Fountain sued the Executive Director of the Texas Department of Criminal Justice complaining of excessive heat. The lawsuit was dismissed as duplicative on April 17, because Fountain had filed another lawsuit in the Court complaining of a number of conditions of confinement including excessive heat, and the Court determined that Fountain should proceed on all of his conditions of confinement claims in one case, rather than splitting up his claims. *See Fountain v. Rupert, et al.*, civil action no. 6:15cv100. Fountain appealed this dismissal, but moved to dismiss the appeal voluntarily after his motion for leave to proceed *in forma pauperis* was denied under 28 U.S.C. §1915(g).

On September 27. 2017, Fountain filed a motion for relief from judgment, arguing that his excessive heat claims in cause no. 6:15cv100 were brought against the wardens while his claims in the present case were brought against the Executive Director. He did not explain why he did not

1

name the Executive Director as a defendant concerning his heat claims in cause no. 6:15cv100, particularly given the fact that the Executive Director is named as a Defendant in that case in relation to other claims.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Fountain's motion for relief from judgment be denied. The Magistrate Judge set out the standards governing Rule 60(b) motions and determined that Fountain did not meet any of these standards. Fountain offered no reason why he should be allowed to pursue his claims of exposure to excessive heat in two separate lawsuits.

In his objections to the Magistrate Judge's Report, Fountain states first that the Defendants did not file a pleading in response to his motion for relief from judgment. Thus, he concludes that the Court is "practicing law from the bench" and "will automatically rule against Fountain now on every issue at every stage no matter how wrong or unjust." He also asks that the Court "set down [its] hatred towards Fountain for one moment and give his pleadings proper review." This contention is patently without merit.

Next. Fountain argues that the Magistrate Judge is "mistaken, intentionally." He states he could not have brought his heat-related claims in cause no. 6:15cv100 at the time he filed his last amended complaint in that case because those claims would then have been duplicative. The Magistrate Judge correctly determined that Fountain should be allowed to litigate his claims one time and that the best way to permit this was to allow Fountain to go forward with his lawsuit challenging a number of conditions of his confinement, including exposure to excessive heat. In this way, Fountain's claims can be resolved in a single case rather than multiple piecemeal ones. Fountain also has shown no basis for his requests to reopen and consolidate this case or for appointment of counsel. The Magistrate Judge correctly determined that Fountain did not meet any of the criteria for Rule 60(b) relief. *See Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985). His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Plaintiff's motion for relief from judgment, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 188) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for relief from judgment (docket no. 187) is **DENIED**. Fed. R. Civ. P. 60(b). This denial is without prejudice to Fountain's right to pursue his claim of exposure to excessive heat in cause no. 6:15cv100.

So **ORDERED** and **SIGNED** this **12** day of **December, 2017.**

_____
Ron Clark, United States District Judge